**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

Steve LeBoon
_____

_____

**15**    **5904**

*(In the space above enter the full name(s) of the plaintiff(s).)*

- against -

Zurich American Ins. Co.
Zurich Financial Svcs.
Zurich Insurance Group LTD
_____

_____

_____

_____

_____

_____

_____

_____

**COMPLAINT**

Jury Trial: ☒ Yes   ☐ No

(check one)

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**I.**   **Parties in this complaint:**

**A.**   List your name, address and telephone number. If you are presently in custody, include your identification number and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

| Plaintiff | Name | Steve, LeBoon, Pro Se |
|---|---|---|
| | Street Address | 426 Buchanan Rd. |
| | County, City | Bucks, Perkasie |
| | State & Zip Code | PA 18944 |
| | Telephone Number | 484-716-4567 |

*Rev. 10/2009*

B.    List all defendants. You should state the full name of the defendants, even if that defendant is a government agency, an organization, a corporation, or an individual. Include the address where each defendant can be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant No. 1

Name _Zurich American Ins. Co._

Street Address _1400 American Lane_

County, City _Cook, Schaumberg_

State & Zip Code _IL    60196_

Defendant No. 2

Name _Zurich in North American_

Street Address _1400 American Lane_

County, City _Cook, Schaumberg_

State & Zip Code _IL    60196_

Defendant No. 3

Name _Zurich Insuran Mayf, ITP_

Street Address _1400 American Lane_

County, City _Cook, Schaumberg_

State & Zip Code _IL    60196_

Defendant No. 4

Name _____

Street Address _____

County, City _____

State & Zip Code _____

## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction. Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.    What is the basis for federal court jurisdiction? *(check all that apply)*
      Q   Federal Questions          ☒ Diversity of Citizenship      Also ERISA — Con'ts

B.    If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____
      _____
      _____

C.   If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

Plaintiff(s) state(s) of citizenship _____ PA _____

Defendant(s) state(s) of citizenship _____ IL _____

## III.   Statement of Claim:

State as briefly as possible the facts of your case.  Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.   Where did the events giving rise to your claim(s) occur? Bad faith of Liability Policy - DOC 925889802

B.   What date and approximate time did the events giving rise to your claim(s) occur? 11/2014
When Mr. Durivage stated (on the record) that Zurich spent 100% of liability policy that is designed to benefit me, fraud on behalf of Zurich were committed. Zurich was careless in

C.   Facts: unnecessary litigation using over $1 million & leaving ZERO pennies for me. Bad faith was committed a not one time was good faith offered.

**What happened to you?**

See Complaint

**Who did what?**

**Was anyone else involved?**

Please see Complaint with Exhibits

**Who else saw what happened?**

## IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. emotional distress & stress for only wells &
wasting her Time - (2x)

See Complaint

## V.    Relief:

State what you want the Court to do for you and the amount of monetary compensation, if any, you are seeking, and the basis for such compensation.

Jury trial or award summary judgement due to
Zurich's deliberate misconduct of bad faith of my
liability policy for me instead of using the policy
for good faith.

See complaint

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this _28_ day of _October_____ , 20 _15_ .

Signature of Plaintiff _____

Mailing Address _426 Buchanan Rd_____

_PerKasie, PA  18944_____

Telephone Number _484-716-4567_____

Fax Number *(if you have one)* _____

E-mail Address _S11722 @ comcast . net_____

Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint. Prisoners must also
provide their inmate numbers, present place of confinement, and address.

For Prisoners:

I declare under penalty of perjury that on this _____ day of _____ , 20_____ , I am delivering
this complaint to prison authorities to be mailed to the Clerk's Office of the United States District Court for the
Eastern District of Pennsylvania.

Signature of Plaintiff: _____

Inmate Number _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN LEBOON : | |
| : | |
| v. : | Jury Trial Demanded |
| Zurich American Insurance Company, : | |
| Zurich Financial Services Ag & : | **15**    **5904** |
| Zurich Insurance Group, LTD. : | |

## COMPLAINT

1.      The plaintiff, Steve LeBoon, is an adult individual citizen of the Commonwealth

of Pennsylvania and was employed by Alan McIlvain Company 501 Market Street, Marcus

Hook, PA 19061 from on or about September 3, 2008 through May 6, 2010 (encompassing time

covered with Workers Compensation Compromise and Release).

2.      The defendants are Zurich American Insurance Company, Zurich Financial

Services Ag and Zurich Insurance Group, LTD insurance companies (herein referred to as

"defendants"; organized and existing under the laws of the State of Pennsylvania, being duly

authorized to and conducting business in the Commonwealth of Pennsylvania with its principal

place of business at 9800 Fredericksburg Road, San Antonio, Texas 78288, 1400 American

Lane, Schaumburg, IL 60196 and East Region at One Liberty Plaza, 28th Floor, New York, NY

10006.

3.      The defendants regularly and routinely conduct business in the Commonwealth of

Pennsylvania, particularly in the city and counties of Pennsylvania.

4.      At all times material hereto, there existed, in full force and effect, a Pennsylvania

Liability Policy (No DOC 9258898 02) issued by the defendants to Steve LeBoon, 426

Buchanan Road, Perkasie, Pennsylvania 18944.

5.      The Pennsylvania Liability Policy issued by the defendants to Steve LeBoon provided coverage in accordance with the requirements of the Pennsylvania Law, 42 PA. CONS. STAT. ANN. § 8371 & breach of the contractual duty of good faith and fair dealing.

6.      The policy of insurance issued by the defendants for Steve LeBoon, provided $1,000,000.00 (one million) and is written on a claim made basis covering only claims first made against the insurer during the policy period or the extended reporting period, if exercised. The limit of liability available to pay judgment shall be or settlement reduced by amounts incurred as defense costs.

7.      As an employee of AMC of the named insured under the Pennsylvania Liability Policy issued to Alan McIlvain Company and declared by defendants through declarations, by the defendants, the plaintiff, Steve LeBoon, is eligible for recovery of benefits under that policy.

8.      The negligence, carelessness, and recklessness of Alan McIlvain Company caused the plaintiff, Steve LeBoon, to suffer serious, permanent and disabling bodily and personal injuries from his 05-06-2009 work accident, which he continues to suffer pain, restriction and disability was filed in a lawsuit in US District Court on claim of violations of the ADA and PHRA Act.

9.      On or about October 5, 2012, the Plaintiff requested, through discovery, the policy from Ms. Rawitt and Mr. Durivage, counsel to defendants. Mr. Durivage Zurich American Insurance Company, Zurich Financial Services Ag & Zurich Insurance Group, LTD issued the Plaintiff the entire policy # DOC 925889802 bates # AMC-000556.

10.     On inspection, the Plaintiff formally requested ALL policies from Zurich American Insurance Company, Zurich Financial Services Ag & Zurich Insurance Group, LTD,

through their counsel and Mr. Durivage informed me numerous times that policy # DOC 925889802 was the only one that would cover my liability claims.

11.     In September 2012, the Plaintiff made an offer to Ms. Rawitt and Mr. Durivage (both counsel to defendants) and his offer was rejected with no counter offer. Since September 2012, the Plaintiff has received ZERO OFFERS OF GOOD FAITH for any payment from the policy. Instead, both counsel to defendants used 100% of the liability policy **(See exhibit A)** for them instead of for the Plaintiff, for which it was designed for; the employee. On Page 9, L15-17, Mr. Durivage advised the Judge "All the money that we would have offered has been has been long gone."

12.     On January 29, 2013, the Honorable Judge Wells ordered settlement conference. **(See exhibit B)** In correspondence email with defendants counsel, Mr. Durivage and Ms. Rawitt made it very clear that the defendants played an integral part in the decision making in policy DOC 925889802. **(See exhibit C)** It is noted that the defendants were NO SHOWS at the meeting when Judge specifically outlined in her order that all parties attend and have authority to approve a settlement amount. There was no good faith taken, in any fashion, by the defendants and now the bad faith is evident.

13.     On April 15, 2014, the Honorable McLaughlin AGAIN ordered an opportunity for defendants to show up, in front of Judge Wells and pay out on the policy, once and for all. **(See exhibit D)**

14.     On May 1, 2014, the Honorable Wells ordered defendants to show up and settle the case. **(See exhibit E)** A few days before the scheduled hearing, the plaintiff was driving his car when, (out of the blue) chambers called with Mr. Durivage, counsel to defendants, and the Plaintiff participated in 5 minute conversation with the court and Mr. Durivage. The Court made

it very, very clear that defendants were to show up and bring a very good number to the table. Once again, defendants were NO SHOWS and the settlement resulted in no offers ever being made to the plaintiff. It will be noted that plaintiff felt like the defendants were taking advantage of the court with no offers and no one showing up to engage in negotiations. It will be noted that Judge Wells is an amazing Judge who track record has proven successful. Another example is that recently, Liberty Mutual Insurance exhibited good faith through their counsel William C. Foster. Judge Strawbridge was able to muster up good behaviors to showcase that good faith can exist years later. However, the defendants in this complaint showcase bad faith and has not once ever made a written offer demonstrating good faith. As you can see, in **(exhibit A)** "all the money that we would have offered has been long gone". Mr. Durivage and Ms. Rawitt flagrantly used 100% of the policy, in scheme to control the policy and spend 100% of the liability policy for themselves and none for the former employee (the plaintiff).

15.     The plaintiff tried over 10 times to settle his claims and through evidence, **(See exhibit A).** Judge Wells has a history of resolving cases but the defendants laughed, rebuffed, schemed, false light, in an effort to spend over 1 million dollars of a liability policy that is designed to benefit the employee.

16.     Instead, the defendants used 100% of the liability policy to create a smear campaign by creating fake and false court documents to create imaginary events that simply do not exist.

### COUNT 1
### (Bad Faith Violation of 42 Pa.C.S.A. § 8371)

17.     The plaintiff, Steve LeBoon, hereby incorporates by reference the foregoing Paragraphs 1 through 16 of this Complaint as though same were fully set forth herein.

18.   The Pennsylvania Bad Faith Statute, 42 Pa.C.S.A. § 8371, provides:

> In an action arising under an insurer policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> a) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> b) Award punitive damages against the insurer.
> c) Assess court costs and attorneys fees against the insurer.

19.   The defendants, acted in bad faith and in violation of 42 Pa.C.S.A. § 8371 in

failing to make payment of a fair and reasonable amount of liability benefits to the plaintiff,

Steve LeBoon, by, inter alia:

a) Engaging in unfair or deceptive acts or practices;
b) Failing to effectuate a prompt and fair settlement of the liability claims of the plaintiff, Steve LeBoon
c) Acting in a dilatory and obdurate manner in the handling of the liability claims of the plaintiff, Kelly E. Tubman, both before and during this litigation; wantonly and willfully disregarding the rights of the plaintiff, Steve LeBoon;
d) Recklessly disregarding the right of the plaintiff, Steve LeBoon,
e) To recover $1,000,000.00 liability benefits but instead spent over 1 million of the policy for themselves;
f) Elevating its own interests above those of the plaintiff, Steve LeBoon and not showing for court ordered settlement hearings or ever offering 1 offer to the plaintiff to settle claims.
g) Performing its contractual obligations improperly;
h) Breaching the duty of good faith and fair dealing;
i) Breaching the fiduciary duties owed to the plaintiff, Steve LeBoon
j) Violating the statutes and regulations governing the actions and practices of insurers in Pennsylvania;
k) Such other acts or omissions as may be developed during discovery.

20.   The defendant is liable for payment of interest, fees, costs, and punitive damages

to the plaintiff, Steve LeBoon, for the bad faith conducted in handling and adjusting her

underinsured motorist claim.

**WHEREFORE**, the plaintiff, Steve LeBoon, respectfully requests that the Court enter an Order awarding actual damages, consequential damages, interest, and punitive damages to the plaintiff, Steve LeBoon.

**COUNT II**
**(Common Law Bad Faith)**

21.     The plaintiff, Steve LeBoon, hereby incorporates the foregoing Paragraphs 1 through 20 of this Complaint as though same were fully set forth herein.

22.     The defendant owes a common law duty of good faith and fair dealing to the plaintiff, Steve LeBoon, under the Pennsylvania Liability Policy issued to Steve LeBoon.

23.     The defendant breached the common law duty of good faith and fair dealing to the plaintiff, Steve LeBoon, under the Pennsylvania Liability Policy issued.

**WHEREFORE**, the plaintiff, Steve LeBoon, respectfully requests that the Court enter an Order awarding actual damages, consequential damages, interest, and punitive damages to the plaintiff, Steve LeBoon.

**Count III**
**Breach of the Implied Covenant of Good Faith and Fair Dealing**
**(RESTATEMENT (SECOND) OF CONTRACTS § 205 (1981).)**

24.     The Plaintiff , Steve LeBoon, hereby incorporates the foregoing Paragraphs 1 through 23 of this Complaint as though same were fully set forth herein.

25.     Plaintiff asserts that defendant acted in bad faith by using "its own wrongdoing as a pretext for refusing to participate in settlement talks (at all nor did they ever make one formal or informal offer to the plaintiff) but instead spent over 1 million dollars (the entire policy) on unnecessary litigation which resulted in a mistrial.

26.     Insurance. "Bad Faith" on part of insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an

action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

27.     Defendants did not have a reasonable basis for denying benefits under the policy and knew or recklessly disregarded its lack of reasonable basis in denying the claim but instead defendants decided to use my liability policy for their own enjoyment and pleasure. **(See exhibit C)** Defendants lawyers Mr. Durivage and Ms. Rawitt both confirmed that Zurich needs their authorization but ended up as NO SHOWS in Judge Wells' court room. IN **(Exhibit A)** The bamboozle of actions by the defendants is bad faith and a non demonstration of any good faith.

**WHEREFORE**, the plaintiff, Steve LeBoon, respectfully requests that the Court enter an Order awarding actual damages, consequential damages, interest, and punitive damages to the plaintiff, Steve LeBoon.

## Count IV
## ERISA
### (The Employee Retirement Income Security Act of 1974)

28.     The Plaintiff, Steve LeBoon, hereby incorporates the foregoing Paragraphs 1 through 27 of this Complaint as though same were fully set forth herein.

29.     The defendants Failed to operate the plan prudently and for the exclusive benefit of participants;

30.     The defendants used the plan assets to benefit certain related parties to the plan, including the plan administrator, the plan sponsor, and parties related to these individuals but did not favor the plaintiff.

31.     The defendants failed to properly value plan assets at their current fair market value, or to hold plan assets in trust to support the Plaintiff's long-term disability.

32.    The defendants failed to follow the terms of the policy.

33.    The defendants took adverse action against an individual for exercising his or her rights under the plan (e.g., being fired, fined, or otherwise being discriminated against); but instead treated themselves with 1 million in legal fees that the Plaintiff never authorized to engage in.

**WHEREFORE**, the plaintiff, Steve LeBoon, respectfully requests that the Court enter an Order awarding actual damages, consequential damages, interest, and punitive damages to the plaintiff, Steve LeBoon.

Steve LeBoon
PO Box 123
Dublin, PA 18917
October 26, 2015
Sll722@comcast.net

# EXHIBIT A

of   32)

# Private Company Directors, Officers and Employees Liability Policy



### Declarations

Insurance is provided by the following Company:

**Zurich American Insurance Company**

Policy Number: DOC 9258898 02

Item 1.   Named Insured and Mailing Address:   Alan McIlvain Company
P.O. Box 380
Marcus Hook, PA 19061

Item 2.   Limits of Liability:   (A)  Each Claim:   $1,000,000
(B)  Each Policy Period:   $1,000,000
Note that the Limits of Liability and any Deductible are reduced or exhausted by Defense Costs.

Item 3.   Policy Period:   From 12:01 A.M. on   February 14, 2009
To 12:01 A.M. on   February 14, 2010
Local time at the address shown in Item 1.

Item 4.   Deductible Amount:   Insuring Clause B and Insuring Clause C (if granted): $5,000

Item 5.   Limit of Liability Reinstatement:   Not Granted

Item 6.   Policy Period Premium: $5,500

Item 7.   Extended Reporting Period:   (A)  Additional Premium:   75% of the Annual Policy Premium
(B)  Additional Period:   One Calendar Year

Item 8.   Pending or Prior Date:   Insuring Clause A and/or B:   March 29, 2007
Insuring Clause C (if granted):   March 29, 2007

Item 9.   Continuity Date:   (A)  Insuring Clause A and/or B:   March 29, 2007
(B)  Insuring Clause C (if granted):   March 29, 2007

Item 10.   Employee Liability Coverage:   Granted

Item 11.   Employment Practices Company Liability Coverage:   Granted

Item 12.   Endorsements Effective at Inception:   Endorsements Numbered 1-2 as attached.

**THIS POLICY IS WRITTEN ON A CLAIMS MADE BASIS AND COVERS ONLY CLAIMS FIRST MADE AGAINST THE INSUREDS DURING THE POLICY PERIOD OR THE EXTENDED REPORTING PERIOD, IF EXERCISED. THE LIMIT OF LIABILITY AVAILABLE TO PAY JUDGMENTS OR SETTLEMENTS SHALL BE REDUCED BY AMOUNTS INCURRED AS DEFENSE COSTS. PLEASE READ CAREFULLY.**

In witness whereof, the Underwriter issuing this policy has caused this policy to be signed by its authorized officers, but it shall not be valid unless also signed by the duly authorized representative of the Underwriter.

ZURICH AMERICAN INSURANCE COMPANY

*David P. Johnson*
_____
Authorized Representative

*5/11/2009*
_____
Date

*Nancy D. Mueller*
President

*Dennis Kenny*
Corporate Secretary

AMC - 000556

Colloquy                              9

1          THE COURT:  All right.  Well, you know, as usual, I'm

2     always very careful, and so I left open the possibility of

3     testimony from someone at these agencies about a specific

4     statement and probably should have just quashed the subpoenas

5     completely, and at this point, I will.  No more subpoenas by

6     any -- either side, but Mr. LeBoon, you've been subpoenaing a

7     lot of people.  No more subpoenas in connection with this case

8     without permission from the Court.

9          And, Mr. LeBoon, you mentioned in your letter

10    possibly trying to settle the case again.  I don't think it

11    makes sense to go to Judge Wells myself.  I mean, I don't know.

12    She has tried so hard.  Do you have any -- any money, Mr. -- I

13    don't mean to tell me how much, but do you have any money at

14    this point, Mr. Durivage, to --

15          MR. DURIVAGE:  Judge, I have not even talked to my

16    clients.  All the money that we would have offered has been --

17    has been long gone.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEVEN LEE LEBOON              :          CIVIL ACTION NO.
                              :
            vs.                :
                              :
ALAN MCILVAIN COMPANY, et al   :          12-2574

## O R D E R

AND NOW, this 18th   day of January, 2013, it is hereby ORDERED that the settlement conference in the above captioned matter has been rescheduled to January 29, 2013 at 10:30 a.m.  **All** parties necessary to settle the case or delegate(s) with **full** authority **must** attend this conference, unless excused by this court in advance.

*/s/ Carol Sandra Moore Wells*
CAROL SANDRA MOORE WELLS
CHIEF UNITED STATES MAGISTRATE JUDGE

# EXHIBIT C

**Steve**

| | |
|---|---|
| **From:** | Durivage, Lee C. [LCDurivage@MDWCG.com] |
| **Sent:** | Thursday, January 17, 2013 2:48 PM |
| **To:** | Steve LeBoon |
| **Cc:** | Rawitt, Stephanie K. |
| **Subject:** | LeBoon v. Alan McIlvain Company |

Mr. LeBoon,

Attached please find documents numbered AMC 4727 through AMC 4743, which are documents received from Dr. Male.

In addition, I did receive your prior email concerning my letter request to Judge Wells. The individual I was referring to is a representative from Zurich – whose authority is necessary for any resolution of this matter.

As always, if you have any questions, please do not hesitate to contact me.

Thank you.

Lee



**MARSHALL DENNEHEY**
WARNER COLEMAN & GOGGIN
ATTORNEYS AT LAW

**Lee C. Durivage**
*Attorney at Law*
bio | e-mail | website

2000 Market St
Suite 2300
Philadelphia, PA 19103

Direct: (215) 575-2584
Main: (215) 575-2600
Fax: (215) 575-0856

This e-mail transmission and any documents, files or previous e-mail messages attached to it, are confidential and are protected by the attorney-client privilege and/or work product doctrine. If you are not the intended recipient, or a person responsible for delivering it to the intended recipient, you are hereby notified that any review, disclosure, copying, dissemination, distribution or use of any of the information contained in, or attached to this e-mail transmission is STRICTLY PROHIBITED. If you have received this transmission in error, please immediately notify me by forwarding this e-mail to LCDurivage@MDWCG.com , or by telephone at (215) 575-2584 and then delete the message and its attachments from your computer.

8/17/2015

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN LEBOON | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ALAN MCILVAIN COMPANY | : | NO. 12-2574 |

## ORDER

AND NOW, this 15th day of April, 2014, whereas trial was scheduled in this matter for April 14, 2014; and whereas the Court had to postpone the trial because a criminal trial from last week continued into this week; and whereas the parties have previously been referred to the Chief Magistrate Judge Carol Sandra Moore Wells for a settlement conference at the request of the plaintiff; and whereas the Court will not be able to reschedule the trial of this matter in the near future; and whereas the Court has made many decisions in the pretrial process that included a lengthy final pretrial conference, IT IS HEREBY ORDERED that this case is referred to Chief Magistrate Judge Carol Sandra Moore Wells for a settlement conference. This is a good time for the parties to attempt to settle the matter before additional time is spent in trial preparation.

BY THE COURT:

/s/ Mary A. McLaughlin
MARY A. McLAUGHLIN, J.

# EXHIBIT E

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN LEE LEBOON | : | CIVIL ACTION NO. |
| | : | |
| vs. | : | |
| | : | |
| ALAN MCILVAIN COMPANY, et al | : | 12-2574 |

## O R D E R

AND NOW, this 1st   day of May, 2014, it is hereby ORDERED that a settlement

conference in the above captioned matter has been scheduled for June 6, 2014 at 2:00 p.m.  **All**

parties necessary to settle the case or delegate(s) with **full** authority **must** attend this conference,

unless excused by this court in advance.

*/s/ Carol Sandra Moore Wells*
CAROL SANDRA MOORE WELLS
CHIEF UNITED STATES MAGISTRATE JUDGE