## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STEVE LEBOON,

                *Plaintiff*,

    v.

ZURICH AMERICAN INS. CO., *et al*.,

                *Defendants*.

CIVIL ACTION
NO. 15-05904

**PAPPERT, J.**                                      **APRIL 18, 2016**

### MEMORANDUM

On November 18, 20015, Steve Leboon ("Leboon"), a serial *pro se* litigant in this and other courts, filed a complaint against Zurich American Insurance Company ("Zurich") alleging "bad faith violation of 42 Pa.C.S.A. § 8371," "common law bad faith," and "breach of the implied covenant of good faith and fair dealing."[1]  (Pl.'s Compl. ¶¶ 17–27, ECF No. 4.) Leboon's allegations are premised on Zurich's conduct while defending a prior lawsuit that Leboon brought against his previous employer, Alan McIlvain Company ("Alan McIlvain"). (*See generally id.*)  Leboon now claims that Zurich, as Alan McIlvain's liability insurance provider and counsel, failed to make any "offers of good faith" to settle that case and "used 100% of the liability policy [ ] for them[selves] instead of for [Leboon]."  (*Id.* ¶ 11.)

On January 11, 2016, Zurich filed a motion to dismiss the complaint.  (Def.'s Mot. to Dismiss, ECF No. 8.)  On January 21, 2016, Leboon filed a motion for sanctions against Zurich

---

[1]      One court previously described Leboon as "zealously litigious."  *Schmidt v. Leboon*, No. 2013-00951 (Bucks Cty. Ct. of C.P., Dec. 22, 2014).  Our Court has previously dismissed as "legally frivolous" one of the lawsuits that Leboon filed against the court that presided over one of his many lawsuits.  *Leboon v. Bucks Cty. Ct. of C.P. and Judge Jeffrey L. Finley*, No. 14-01201 (E.D. Pa. Mar. 5, 2014) (order dismissing case).

for failing to properly serve him with its motion to dismiss.[2]  (Pl.'s Mot. for Sanctions, ECF No. 9.)  He also asked the Court to "strike" and "dismiss" Zurich's motion to dismiss, or in the alternative, "reset" the deadline for his opposition to the motion.  (*Id.* at 2.)  Approximately one week later on January 29, 2016, after Zurich had responded to Leboon's motion for sanctions, Leboon filed a "Motion for Renewed Sanctions and [to] Strike [ ] and Dismiss,"[3] asking the Court to "levy sanctions against [Zurich]" for failing to send him its motion to dismiss and its opposition to his motion for sanctions.  (Pl.'s Second Mot. for Sanctions, ECF No. 12 at 2.)  The Court grants Zurich's motion to dismiss and denies both of Leboon's motions for sanctions.

## I.

Federal Rule of Civil Procedure 5(b)(2)(C) states that a motion is properly served by "mailing it to the person's last known address—in which event service is complete upon mailing."  "The common law has long recognized a presumption that an item properly mailed was received by the addressee."  *In re Cendant Corp. Prides Litig.,* 311 F.3d 298, 304 (3d Cir. 2002).  "[O]nce a certificate of service is filed averring that a pleading has been served by being placed in the U.S. mail, 'a presumption of regularity arises that the addressee received the pleading.'"  *Blomeyer v. Levinson*, No. 02-8378, 2006 WL 463503, at *5 (E.D. Pa. Feb. 21, 2006) (citing *Fiore v. Giant Food Stores, Inc.*, No. 98-517, 1998 WL 254975 (E.D. Pa. Apr. 17, 1998)); *see also In re Cendant Corp. Prides Litig.*, 311 F.3d at 304 ("The presumption arises upon proof that the item was properly addressed, had sufficient postage, and was deposited in the mail.") (internal citation and quotation marks omitted).  "Denials of receipt may rebut the

---

[2]      Leboon styled that motion as a "motion for sanctions and strike on demand and dismiss agaist [sic] Zurich American Insurance Comnpany [sic] for violating Rule 5.4 certificate of services [sic] and failure for sending all parties the motion filed on 01/11/2016."  (ECF No. 9.)

[3]      Leboon titled that motion as a "motion for renewed sanctions and strike on demand and dismiss [sic] against Zurich American Insurance Company for violating Rule 5.4 Certificate of Services [sic] and failure for sending all parties the motion filed on 01/11/2016 and response on 01/21/2016."  (ECF No. 12.)

presumption, but generally will not overcome the presumption in the absence of some supporting evidence." *Id.*

Zurich included a certificate of service in both its motion to dismiss and its opposition to Leboon's motion for sanctions.  (Def.'s Mot. to Dismiss at *1, ECF No. 8-3; Def.'s Opp. to Pl.'s Mot. for Sanctions at *6, ECF No. 10.)  The certificate accompanying the motion to dismiss states that counsel "certifies that the Motion to Dismiss Plaintiff's Complaint and supporting Memorandum of Law have been . . . . served *on this date* via U.S. Mail, postage prepaid, to: Steven Leboon, Pro Se[,] 426 Buchanan Road[,] Perkasie, PA 18944."  (Def.'s Mot. to Dismiss at *1, ECF No. 8-3.)  Similarly, the certification accompanying Zurich's opposition to Leboon's motion for sanctions "certifies that the within Response to Plaintiff's Motion for Sanctions has been . . . . served on this date *via* Certified Mail, Return Receipt Requested, to: Steven Leboon, Pro Se[,] 426 Buchanan Road[,] Perkasie, PA 18944."  (Def.'s Opp. to Mot. at *6, ECF No. 10.)  Those certifications are sufficient to establish the "presumption of regularity . . . that the addressee received the pleading."  *Fiore*, 1998 WL 254975, at *2.

Leboon has not provided any supporting evidence to overcome the rebuttable presumption that he received Zurich's motion to dismiss and its opposition to his motion for sanctions.  He has not provided, for example, any evidence that he changed his address, "mailroom misconduct or other identifiable irregularity in the receiving or sending procedures." *Blomeyer*, 2006 WL 463503, at *5 (citing *In re Cendant Corp. Prides Litig.*, 311 F.3d at 305).  His bare assertions that he never received Zurich's filings are insufficient and his motions for sanctions, which are based on Zurich's noncompliance with Rule 5, are without merit.  *See Fiore*, 1998 WL 254975, at *2 ("Ordinarily, conclusory statements to the effect that 'I never got

3

the pleading' will not overcome this presumption of regularity.")  Leboon's motions for

sanctions are denied.

## II.

Local Rule of Civil Procedure 7.1(c) states that a party may file an opposition to a motion

within fourteen days after service of the motion and supporting brief.  "In the absence of timely

response, the motion may be granted as uncontested except as provided under Fed.R.Civ.P 56."

*Id.*  The Court may accordingly grant Zurich's motion to dismiss as unopposed.  Considering the

motion on the merits, however, confirms that Leboon's complaint fails to state a claim.

## A.

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead factual

allegations sufficient "to raise a right to relief above the speculative level . . . on the assumption

that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v.

Twombly,* 550 U.S. 544, 555 (2007).  The "mere possibility of misconduct" is not enough; the

complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that

is plausible on its face," *i.e.*, sufficient facts to permit "the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 556 U.S. 662, 678–79

(2009) (internal quotation marks omitted).  While all allegations contained in the complaint must

be accepted as true, the court need not give credence to mere "legal conclusions" couched as

facts.  *Iqbal,* 556 U.S. at 678.  A court should "consider only the allegations in the complaint,

exhibits attached to the complaint, matters of public record, and documents that form the basis of

a claim."  *Lum v. Bank of Am.,* 361 F.3d 217, 221 n.3 (3d Cir. 2004), *abrogated in part on other

grounds by Twombly*, 550 U.S. at 557.

## B.

4

Leboon's bad faith claims rest upon the allegation that Zurich refused to settle an action that he brought against Alan McIlvain.[4]  "Since September 2012, the Plaintiff has received ZERO OFFERS OF GOOD FAITH for any payment from the policy.  Instead, both counsel to defendants used 100% of the liability policy [ ] for them instead of for the Plaintiff, for which it was designed for [sic] [.]"  (Pl.'s Compl. ¶ 11.)  Judge Mary McLaughlin, however, dismissed Leboon's case against Alan McIlvain with prejudice after he failed to appear at trial.  (Def.'s Mot. to Dismiss, Ex. D, ECF No. 101.)  The Third Circuit Court of Appeals subsequently upheld that decision because he was "personally responsible for causing the mistrial, had acted willfully and in bad faith, and was unlikely to succeed on the merits."  (*Id.*, Ex. E at 3.)

"[T]he duty to negotiate a settlement in good faith arises from the insurance policy and is owed to the insured, not to a third-party claimant."  *Strutz v. State Farm Mut. Ins. Co.*, 609 A.2d 569, 571 (Pa. Super. Ct. 1992); *see also Seasor v. Liberty Mut. Ins. Co.*, 941 F. Supp. 488, 492 (E.D. Pa. 1996), *aff'd,* 116 F.3d 469 (3d Cir. 1997) ("It would require a great stretch of judicial imagination to conclude that Plaintiffs who brought a negligence action against . . . the 'insured' under the Policy, should also be considered 'insureds' under the liability coverage section of the policy.")  "[A]n insurer's duty to act in good faith is 'owed to the insured' and not to claimants against the 'insured.'"  *Seasor*, 941 F. Supp. at 492.

The insurance that Zurich provided to Alan McIlvain is a liability policy covering "all Loss for which the Insured Persons are not indemnified by the Company and which the Insured

---

[4]    Leboon also alleges an ERISA count against Zurich in his complaint.  (Pl.'s Compl. ¶¶ 28–33.)  The Zurich Liability Policy is not an employee welfare benefits plan subject to ERISA.  29 U.S.C. § 1002(1) (defining an employee welfare benefits plan as "any plan, fund, or program which was established or maintained by an employer or by an employee organization . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . . medical, surgical, or hospital care benefits . . . .").  Though the liability policy is clearly distinct from a welfare benefits plan contemplated by Section 1002(1), the policy also contains an exclusion for "an actual or alleged violation of the responsibilities, obligations or duties imposed by [ERISA]." (Def.'s Mot. to Dismiss, Ex. G at 6.)

5

Persons become legally obligated to pay on account of any Claim first made against them[.]"

(Mot. to Dismiss, Ex. G. at 3.)  It also contains "Company Reimbursement Coverage" and

"Employment Practices Company Liability Coverage" which provide for similar coverage in the

event that Alan McIlvain "becomes legally obligated to pay on account of any Claim first made

against them."  (*Id.*)  The insured is defined as Alan McIlvain and any "elected or appointed

officer or Manager of the Company[.]"  (*Id.* at 4.)

Leboon is not an insured within the meaning of the policy.  To the contrary, he was an

adversary of the insured—who Zurich had "the right and *duty*" to defend.  (*Id.* at 10.)  Since

Zurich's fiduciary duties ran solely to the insureds, *see Hall v. Brown*, 526 A.2d 413 (Pa. Super.

Ct. 1987), *allo. denied*, 564 A.2d 916 (Pa. 1989), Leboon was a "stranger to the relationship

between the insured and the insurer" and Zurich owed no duties to him to settle.[5]  *Brown v.*

*Candelora*, 708 A.2d 104, 115 (Pa. Super. Ct. 1998).  Leboon's complaint is dismissed with

prejudice.[6]

An appropriate order follows.

---

[5]     Leboon also alleges breach of the implied covenant of good faith and fair dealing.  (Pl.'s Compl. ¶¶ 24–27.)
That claim, however, similarly fails because he is not an insured under the contract and because Pennsylvania does
not "permit independent claims for breach of the covenant of good faith outside of an insurer-insured relationship."
*McHolme/Waynesburg, LLC v. Wal-Mart Real Estate Bus. Trust*, No. 08-961, 2009 WL 1292808, at *2 (W.D. Pa.
May 7, 2009) (internal citations and quotation marks omitted).  "Thus, in general, a 'breach of such covenant is a
breach of contract action, not an independent action for a breach of a duty of good faith and fair dealing.'" *Id.*

[6]     District courts must permit a curative amendment to dismissed complaints under Rule 12(b)(6), unless such
amendment would be inequitable or futile.  *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).  "Futility" means
that the amended complaint would fail to state a claim upon which relief could be granted.  *Shane v. Fauver*, 213
F.3d 113, 115 (3d Cir. 2000) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)).
Based on Leboon's status as a third-party to the insurance contract, there are no facts under which Zurich owed him
a duty to settle.  Amending the complaint would be futile.

BY THE COURT:


*/s/ Gerald J. Pappert*

GERALD J. PAPPERT, J